James Weiler; AZ Bar No. 034371
Jason Barrat; AZ Bar No. 029086
**WEILER LAW PLLC**
5050 N.40th St., Suite 260
Phoenix, AZ 85018
Tel & Fax: 480.442.3410
jweiler@weilerlaw.com
jbarrat@weilerlaw.com
www.weilerlaw.com

Attorneys for Plaintiffs

WEILER LAW PLLC
5050 N.40th St., Suite 260, Phoenix, AZ 85018
Tel & Fax: 480.442.3410 – info@weilerlaw.com

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| **Nikolai Castillo**, an Arizona Resident, Individually and on Behalf of All Others Similarly Situated;<br><br>Plaintiff,<br><br>v.<br><br>**Magnolia Bank, Incorporated,** a Kentucky corporation;<br><br>Defendant. | **Case No.**<br><br>**COLLECTIVE ACTION COMPLAINT FOR COMPENSATION UNDER 29 U.S.C. § 201, *ET SEQ.*** |

Plaintiff Nikolai Castillo (“**Plaintiff**”), individually, and on behalf of all other persons similarly situated for his Collective Action Complaint against Defendant Magnolia Bank, Incorporated (“**Defendant**”), hereby alleges as follows:

## PRELIMINARY STATEMENT

1. Plaintiff and the Collective Members[1] are current and former mortgage sale managers, regional managers, loan officers, dialers, pre-approval managers, directors, loan

[1] Collective Members are fully defined below, under the Collective Action Allegations header.

WEILER LAW PLLC
5050 N.40th St., Suite 260, Phoenix, AZ 85018
Tel & Fax: 480.442.3410 – info@weilerlaw.com

processors, loan officer assistants, loan consultants, inside sales representatives, or similarly titled and/or have similar job duties and responsibilities, employed by Defendant.

2. Plaintiff brings this action on behalf of himself and all other similarly situated Collective Members who were not compensated for their correct overtime wages.

3. Plaintiff and the Collective Members were compensated with a combination of salary and/or hourly, plus bonuses and commissions or straight commission.

4. Plaintiff and the Collective Members also worked over 40 hours, off the clock, without overtime compensation.

5. During his employment, Plaintiff worked hours in excess of 40 hours in a given work week.

6. Plaintiff and the Collective Members were not paid appropriate overtime for all time worked in excess of 40 hours in a given workweek.

7. Plaintiff and the Collective Members bring this action against Defendant for their unlawful failure to pay their overtime in violation of the Fair Labor Standards Act, 29 U.S.C. § 201-219 (hereinafter "**FLSA**").

8. This is an action for equitable relief, overtime wages, unpaid wages, liquidated damages, interest, attorneys' fees, and costs under the FLSA.

9. The FLSA was enacted "to protect all covered workers from substandard wages and oppressive working hours." Under the FLSA, employers must pay all non-exempt employees one-and-one-half times their regular rates of pay for all time spent working in excess of 40 hours per workweek. *See* 29 U.S.C. § 207(a).

## JURISDICTION AND VENUE

10. This Court has jurisdiction over the subject matter and the parties hereto

pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

11. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and (c) because acts giving rise to the claims of Plaintiff occurred within the District of Arizona, and Defendant regularly conducts business in and has engaged in the wrongful conduct alleged herein – and, thus, is subject to personal jurisdiction in – this judicial district.

12. Plaintiff was employed by Defendant in this District.

**PARTIES**

13. At all relevant times to the matters alleged herein, Plaintiff Nikolai Castillo resided in the District of Arizona.

14. At all relevant times to the matters alleged herein, Plaintiff Nikolai Castillo was a full-time employee of Defendant or an associated company of Defendant from on or around February 2025, until on or around September 2025.

15. At all relevant times, Plaintiff Nikolai Castillo and the Collective Members were employees of Defendant as defined by 29 U.S.C. § 203(e)(1).

16. At all relevant times, Plaintiff Nikolai Castillo and the Collective Members were non-exempt employees.

17. Defendant is a company authorized to do business in Arizona.

18. Defendant was Plaintiff's and the Collective Members' employer as defined by 29 U.S.C. § 203(d).

19. Upon reasonable belief, Plaintiff and the Collective Members, in their work for Defendant, are or were employed by an enterprise engaged in commerce that had an annual gross sales of at least $500,000 in 2023.

20. Upon reasonable belief, Plaintiff and the Collective Members, in their work

WEILER LAW PLLC
5050 N.40th St., Suite 260, Phoenix, AZ 85018
Tel & Fax: 480.442.3410 – info@weilerlaw.com

WEILER LAW PLLC
5050 N.40th St., Suite 260, Phoenix, AZ 85018
Tel & Fax: 480.442.3410 – info@weilerlaw.com

for Defendant, are or were employed by an enterprise engaged in commerce that had an annual gross sales of at least $500,000 in 2024.

21. Upon reasonable belief, Plaintiff and the Collective Members, in their work for Defendant, are or were employed by an enterprise engaged in commerce that had an annual gross sales of at least $500,000 in 2025.

22. Upon reasonable belief, Plaintiff and the Collective Members, in their work for Defendant, are or were employed by an enterprise engaged in commerce that had or will have an annual gross sales of at least $500,000 in 2026.

23. At all relevant times, Plaintiff and the Collective Members, in their work for Defendant, are or were engaged in commerce or the production of goods for commerce.

24. At all relevant times, Plaintiff and the Collective Members, in their work for Defendant, are or were engaged in interstate commerce.

25. Plaintiff and the Collective Members, in their work for Defendant, regularly handle and/or handled goods produced and transported in interstate commerce.

26. Plaintiff and the Collective Members would communicate regarding business matters via telephone and the internet.

27. Plaintiff and the Collective Members are covered employees under individual coverage.

28. Plaintiff and the Collective Members are covered employees under enterprise coverage.

**<u>FACTUAL ALLEGATIONS RELATING TO PLAINTIFF CASTILLO</u>**

29. Defendant is a bank and lender that offers residential mortgage products to consumers.

WEILER LAW PLLC
5050 N.40th St., Suite 260, Phoenix, AZ 85018
Tel & Fax: 480.442.3410 – info@weilerlaw.com

30. Plaintiff Nikolai Castillo was an employee of Defendant or a related entity from on or around March 2025 until on or around September 2025.

31. Plaintiff worked with the job title of mortgage sales manager from his hire until on or around June 2025.

32. Plaintiff worked with the job title of regional manager from on or around June 2025 until on or around September 2025.

33. Defendant misclassified Plaintiff as an exempt employee.

34. Plaintiff Castillo was not permitted to report overtime hours and was not paid for any hours worked over 40 hours in a given workweek.

35. Plaintiff was not permitted to fill out his own timecards; this was always done by management and did not reflect the true number of hours he worked.

36. Plaintiff was not paid overtime for hours worked over 40 per week.

37. Plaintiff estimates he was working over 50 hours per week.

38. Plaintiff was paid commissions per loan and an hourly rate of $14.70 an hour until he became a regional manager.

39. Upon information and belief, Defendant structured Plaintiff's compensation in this manner to avoid paying overtime to employees they required to work in excess of 40 hours on a regular basis.

40. Because of Defendant's compensation scheme, whether or not Plaintiff recorded his overtime hours had no impact on his actual compensation as he was not paid time-and-half for hours worked over 40.

41. Plaintiff's commission was not factored into his overtime hourly rate because he did not receive any overtime.

WEILER LAW PLLC
5050 N.40th St., Suite 260, Phoenix, AZ 85018
Tel & Fax: 480.442.3410 – info@weilerlaw.com

42. At all relevant times, Plaintiff has routinely worked over 40 hours per week.

43. At all relevant times, Plaintiff did not receive any additional compensation for overtime hours worked.

44. As a result, at all relevant times, Defendant failed to pay Plaintiff's overtime at a rate of 1.5 times Plaintiff's regular rate of pay pursuant to the FLSA.

45. At all relevant times, Defendant failed to compensate Plaintiff for overtime wages.

46. Defendant was aware that Plaintiff's working hours routinely exceeded 40 hours.

47. Defendant permitted, and in fact required, Plaintiff to work overtime as a condition of his employment.

48. Plaintiff understood that if he did not work overtime hours, that his employment could be terminated.

49. Defendant refused to pay Plaintiff for each hour he worked in excess of 40 hours per week.

50. Defendant refused and/or failed to properly disclose or apprise Plaintiff of his rights under the FLSA.

51. Defendant's failure and/or refusal to compensate Plaintiff at the rates and amounts required by the FLSA were willful.

## COLLECTIVE ACTION ALLEGATIONS

52. Plaintiff, on behalf of himself and the Collective Members, realleges and incorporates by reference all allegations in all preceding paragraphs.

53. Plaintiff brings this action on behalf of himself and all other similarly situated

individuals pursuant to 29 U.S.C. § 216(b).

54. The proposed collective class for the FLSA claim is defined as follows:

**All employees who work[ed] for Defendant Magnolia; within the last three years; who work[ed] over 40 hours in any given workweek as a past or present current and former mortgage sale manager, regional manager, dialer, pre-approval manager, director, loan processor, loan officer, loan officer assistant, loan consultant, inside sales representative, (or similar job title and/or similar job duties and responsibilities) are known as (the "Collective Members").**

**These Collective Members were not paid overtime at the correct overtime rate of pay for all hours worked over 40 in a given workweek and/or worked off the clock hours that they did not receive overtime compensation for.**

55. Plaintiff has given his written consent to be the Named Party Plaintiff in this action pursuant to U.S.C. § 216(b). Plaintiff's signed consent form is attached as **"Exhibit 1."** As this case proceeds, it is likely that other individuals will file consent forms and join as "opt-in" plaintiffs.

56. At all relevant times, Plaintiff and the Collective Members are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and/or have been subject to Defendant's decision, policy, plan, and common programs, practices, procedures, protocols, routines, and rules of willfully failing and refusing to pay the correct one-and-one-half times Plaintiff's and the Collective Members' regular rates of pay for all time in excess of forty (40) hours per workweek that Defendant suffered or permitted them to work.

57. Plaintiff's claims stated herein are essentially the same as those of the Collective Members. This action is properly maintained as a collective action because in all pertinent aspects the employment relationship of individuals similarly situated to Plaintiff's are identical or substantially similar.

WEILER LAW PLLC
5050 N.40th St., Suite 260, Phoenix, AZ 85018
Tel & Fax: 480.442.3410 – info@weilerlaw.com

58. Plaintiff and the Collective Members routinely worked over forty (40) hours in a given workweek and were not compensated at the appropriate overtime rate by Defendant for all hours they worked over forty in a given workweek.

59. The Collective Members perform or have performed the same or similar work as Plaintiff.

60. As such, the Collective Members are similar, if not identical, to Plaintiff in terms of job duties, pay structure, and/or the denial of overtime pay.

61. Defendant's failure to pay overtime compensation required by the FLSA results from generally applicable policies or practices and does not depend on the personal circumstances of the Collective Members.

62. The experiences of Plaintiff, with respect to his pay, are typical of the experiences of the Collective Members.

63. All collective members, irrespective of their particular job requirements and job titles, are entitled to overtime compensation based upon their appropriately calculated regular rate of pay for hours worked in excess of forty (40) during a given workweek.

64. Notice of this action should be sent to all similarly situated employees.

65. There are numerous similarly situated current and former employees of Defendant who have been denied appropriate compensation in violation of the FLSA, who would benefit from a Court-supervised notice of the lawsuit and the opportunity to join the case.

66. Those similarly stated employees are known to Defendant and are readily identifiable through Defendant's records.

WEILER LAW PLLC
5050 N.40th St., Suite 260, Phoenix, AZ 85018
Tel & Fax: 480.442.3410 – info@weilerlaw.com

WEILER LAW PLLC
5050 N.40th St., Suite 260, Phoenix, AZ 85018
Tel & Fax: 480.442.3410 – info@weilerlaw.com

**COUNT I**
**(FAILURE TO PAY OVERTIME WAGES – FLSA – 29 U.S.C. § 207)**

67. Plaintiff, on behalf of himself and the Collective Members, realleges and incorporates by reference all allegations in all preceding paragraphs.

68. Plaintiff and the Collective Members are/were non-exempt employees entitled to the statutorily mandated overtime wages.

69. While employed by Defendant, Plaintiff and the Collective Members worked numerous hours of overtime that Defendant did not pay at the correct overtime rate.

70. As a result, Defendant has intentionally failed and/or refused to pay Plaintiff and the Collective Members all owed overtime according to the provisions of the FLSA.

71. Defendant further have engaged in a widespread pattern and practice of violating the provisions of the FLSA by failing and/or refusing to pay Plaintiff and the Collective Members in accordance with 29 U.S.C. § 207.

72. Defendant knew that – or acted with reckless disregard as to whether – their refusal or failure to properly compensate Plaintiff and the Collective Members over the course of their employment would violate federal law, and Defendant was aware of the FLSA overtime requirements during Plaintiff's and the Collective Members' employment. As such, Defendant's conduct constitutes a willful violation of the FLSA.

73. As a result of Defendant's failure or refusal to pay Plaintiff and the Collective Members a wage equal to one-and-one-half times Plaintiff's and the Collective Members' adjusted regular rates of pay for work they performed for Defendant in excess of their regular 40-hour workweek, Defendant violated 29 U.S.C. § 207(a).

74. Plaintiff and the Collective Members are therefore entitled to compensation

of one-and-one-half times their regular rates of pay, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorney's fees, and costs.

**WHEREFORE**, Plaintiff, individually, and on behalf of all other similarly situated persons, respectfully requests that this Court grant the following relief in Plaintiff's and the Collective Members' favor, and against Defendant:

A. Designation of this action as a collective action on behalf of the FLSA Collective Members (asserting FLSA claims) and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to timely assert FLSA claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

B. For the Court to declare and find that the Defendant committed one or more of the following acts:

i. violated overtime provisions of the FLSA, 29 U.S.C. § 207, by failing to pay overtime wages;

ii. willfully violated overtime provisions of the FLSA, 29 U.S.C. § 207;

C. For the Court to award compensatory damages, including liquidated damages pursuant to 29 U.S.C. § 216(b), to be determined at trial;

D. For the Court to award prejudgment and post-judgment interest;

E. For the Court to award Plaintiff's reasonable attorneys' fees and costs of the action pursuant to 29 U.S.C. § 216(b) and all other causes of action set forth herein;

F. For the Court to provide reasonable incentive awards for the named Plaintiff to compensate him for the time he spent attempting to recover wages for the Collective

WEILER LAW PLLC
5050 N.40th St., Suite 260, Phoenix, AZ 85018
Tel & Fax: 480.442.3410 – info@weilerlaw.com

Members and for the risks he took in doing so; and

G. Such other relief as this Court shall deem just and proper;

RESPECTFULLY SUBMITTED February 27, 2026.

**WEILER LAW PLLC**

By: /s/ James Weiler
5050 N. 40th St., Suite 260
Phoenix, AZ 85018
Attorneys for Plaintiff

WEILER LAW PLLC
5050 N.40th St., Suite 260, Phoenix, AZ 85018
Tel & Fax: 480.442.3410 – info@weilerlaw.com